IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID EMFINGER                                                                                               PLAINTIFF

v.                                              Civil No. 4:22-CV-04091

ROBERT GENTRY, *et. al.*                                                                            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

## I. BACKGROUND

Ronnie Luna, an inmate of the Sevier County Sheriff's Office ("SCSO"), attempted to file a Complaint on behalf of himself and 20 other SCSO inmates on September 13, 2022. (*Luna v. Gentry*, Case No. 4:22-cv-04098). That same day, the Court entered an Order provisionally filing the Complaint, and directing the Clerk to open separate actions on behalf of the 20 other inmates. (*Luna v. Gentry*, Case No. 4:22-cv-04098, ECF No. 2). The Plaintiff in this case was one of those inmates.

The Order was filed in the originating case, as well as all of the newly opened cases. (ECF No. 2). All Plaintiffs were directed to submit a completed *in forma pauperis* ("IFP") application and an Amended Complaint by October 4, 2022. (*Id*.). Plaintiffs were advised that failure to submit the required documents by the deadline would result in the dismissal of their

1

case. (*Id*.). Plaintiff were also advised that they must immediately inform the Court of any address change, or their case would be subject to dismissal. (*Id*.).

Plaintiff submitted his First Amended Complaint and IFP application on October 4, 2022. (ECF No. 4). On November 2, 2022, the Court entered an Order directing Plaintiff to submit a Second Amended Complaint to address deficiencies in his First Amended Complaint no later than November 23, 2022. (ECF No. 8).

The Order was returned as undeliverable on November 15, 2022, indicating that Plaintiff was no longer at the facility. (ECF No. 9). The deadline for Plaintiff to notify the Court of his new address was set for December 15, 2022. (*Id*.). To date, Plaintiff has failed to provide his new address, and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to

comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 4) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of January 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE